**FILED**

DEC 2 1 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.
_____/

AND ALL RELATED CASES
_____/

C09-5464 WHA
No. C 09-03892 WHA

**ORDER DISMISSING ACTION AND REQUIRING PREFILING REVIEW**

    On August 25, 2009, plaintiff Malinka Moye filed seven actions which were related before the undersigned, including the above-captioned action. The seven actions are as follows:

| | |
|---|---|
| C-09-3892 WHA | Malinka Moye v. City and County of San Francisco |
| C-09-3895 WHA | Malinka Moye v. Ratana Jiraittewanna |
| C-09-3896 WHA | Malinka Moye v. Red Oak Realty |
| C-09-3897 WHA | Malinka Moye v. Lydia Dianne Baca and Rachale Young |
| C-09-3899 WHA | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |
| C-09-3900 WHA | Malinka Moye v. La Donna Rewa Duncan |
| C-09-3902 WHA | Malinka Moye v. Lydia Dianne Baca |

    Plaintiff's complaints were barely comprehensible and clearly frivolous. To the extent they were understandable, they alleged a litany of overlapping grievances against defendants centered around the illegal transfer, embezzlement, and robbery of the so-called "Hurdle estate." Plaintiff also accused defendants of false imprisonment, robbery, "illegal concealment of a child," assault, attempted murder, conspiracy to commit murder, and other criminal acts. He accused the San Francisco courts, San Francisco Police Department, San Francisco Sheriff



1  Department and Office of the Public Defender, among others, of aiding and conspiring with
2  defendants to carry out these acts.

3  It was impossible to discern from plaintiff's complaints or numerous follow-on
4  submissions who allegedly did what nor what claims he was attempting to assert against
5  defendants. Each of the complaints asserted that jurisdiction was predicated on 28 U.S.C. 1332,
6  which codifies jurisdiction based on diversity of citizenship. But there were no facts alleged in
7  any of the complaints that set forth the citizenship of the various parties such that diversity
8  jurisdiction could be established.

9  Plaintiff was ordered to show cause why each action should not be dismissed. Although
10 he was given two chances, he did not file responsive answers. The actions were subsequently
11 dismissed without leave to amend on November 16, 2009, and judgments were entered.

12 Plaintiff has nevertheless continued to file lengthy incomprehensible and meritless
13 motions, declarations and other filings in these actions. When they are denied, he files more
14 motions repeating the same frivolous claims. This endless barrage of baseless submissions is
15 draining the limited resources of the Court.

16 Plaintiff recently filed another action, *Moye v. Zephyr Real Estate, Bonnie Spindler,*
17 *Lydia Dianne Baca, and Earl Chan*, 09-5464 WHA, which was related to the actions before the
18 undersigned on December 8, 2009. The new complaint reiterates the same baseless and barely
19 comprehensible claims which have already been rejected numerous times in plaintiff's earlier
20 actions. As with his earlier complaints, he fails to allege a proper basis for federal subject
21 matter jurisdiction.

22 In addition to the eight actions before the undersigned, plaintiff has filed at least 12 other
23 actions in this district since April 2008, including:

24     C-09-3893 MHP    Malinka Moye v. Derrick Collins, Vince Collins, et al.
      C-09-3898 EDL     Malinka Moye v. Big Nates Barbeque, et al.
25     C-09-3901 JCS     Malinka Moye v. Fidelity National Title Co.
      C-08-2051 PJH     Malinka Moye v. Vince Collins, et al.
26     C-08-2053 WHA   Malinka Moye v. La Donna Rewa Duncan
      C-08-2054 JL       Malinka Moye v. Nate Thurmond
27     C-08-2055 MEJ    Malinka Moye v. Jack Chew
      C-08-2056 PJH     Malinka Moye v. Ratana Jiraittewanna
28     C-08-2057 VRW   Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo
      C-08-2125 WHA   Malinka Moye v. Linda Brewer Stockdale

For the Northern District of California

| | | |
|---|---|---|
| C-08-2124 SBA | Malinka Moye v. Lydia Baca | |
| C-08-2126 SBA | Malinka Moye v. City and County of San Francisco, et al. | |

In each of these actions, plaintiff sought to proceed *in forma pauperis*. In many, his application to proceed *in forma pauperis* was denied and the complaint was dismissed. Most of these actions alleged substantially similar or the same incomprehensible and baseless claims as in the seven actions filed on August 25 before the undersigned.

The e-filing docket of the San Francisco Superior Court lists plaintiff as a party in approximately 80 actions of various types, filed beginning in March 2002. Most of these actions were filed by plaintiff, and many of the defendants have the same names as the defendants in the actions filed in this district. On August 11, 2006, in one of these actions, *Malinka Moye v. Lydia Baca*, Case No. CGC-06-450461, plaintiff was declared a vexatious litigant pursuant to California Code of Civil Procedure §§ 391.1, 391.3 and 391.7(a), and ordered not to file any new litigation in any California state court without first obtaining leave of court.

Federal courts have the inherent power to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C. 1651(a), courts may restrict litigants with abusive and lengthy histories from further filing. A court may restrict such litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to oppose the order before it is entered, (2) creates an adequate record for review, (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions and (4) drafts a sufficiently tailored order. *Id.* at 1145–48.

On November 30, 2009, plaintiff was ordered to show cause why he should not be declared a vexatious litigant. He was also ordered to show cause why *Moye v. Zephyr Real Estate, et al.*, 09-5464 WHA, should not be dismissed for failure to state a claim and for lack of jurisdiction. He has filed written responses in which he merely repeats yet again the same frivolous claims that have been previously rejected.

At a hearing on the order to show cause on December 17, 2009, plaintiff submitted a video on DVD for the undersigned's review which plaintiff stated would elucidate his claims. This order finds the video was largely unintelligble. The video consisted of plaintiff orally

3

reciting vague, rambling grievances against defendants and others. It also showed him confronting certain unidentified individuals and accusing them of ambiguous misdeeds. The people he confronted apparently did not respond except to ignore him or ask him to leave. The video was difficult to understand because the camera frequently was out of focus or pointed at the ground, there was frequent cutting between scenes without explanation and occasionally mid-sentence, and the audio was completely incomprehensible after the first nine minutes and ten seconds. On the video, plaintiff stated that he was wrongfully evicted, that title on his house and car were fraudulently transferred, that he was assaulted and robbed, and that he was wrongfully arrested based on false complaints by plaintiff's ex-landlady and by the mother of plaintiff's child. Plaintiff then asked for criminal charges to be filed. Plaintiff did not make any of his statements on the video under oath. Again, it was unclear from the video who was accused of doing what.

This order finds that plaintiff's video, written responses, and explanations at the December 17 hearing have not alleviated the incomprehensibility pervading plaintiff's filings in the numerous civil cases he has filed including his new complaint in *Moye v. Zephyr Real Estate, et al.*, 09-5464 WHA. For failure to state a claim and lack of subject matter jurisdiction, that complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. Plaintiff is ordered not to file further submissions in *any* of the eight related actions before the undersigned. He must instead direct his attention to pursuing appeals in a proper and timely manner.

Plaintiff is declared to be a vexatious litigant and is barred from filing — without first obtaining a pre-filing review from the undersigned — another civil complaint in the Northern District of California with substantially the same allegations regarding the alleged fraudulent transfer, embezzlement, or robbery of the Hurdle estate; plaintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of plaintiff; conspiracy to murder

4

plaintiff; or illegal concealment of a child. To the extent that plaintiff wishes to report a federal crime, he is referred to the United States Attorney's Office.

**IT IS SO ORDERED.**

Dated: December 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5